# OCTOBER TERM, 1960.

KELEMAN *v.* LANE.

BOUNDARIES—ADVERSE POSSESSION—FINDING OF COURT—EVIDENCE.
Finding of trial court that plaintiffs had established adverse
user for more than 15 years of entire triangular tract of land
between the true boundary line and fixed boundary line some
4 feet east at base of triangle *held,* supported by evidence,
hence, plaintiffs were entitled to award of damages of $250
by reason of erection of fence and demolition of their portion
of double garage which had been built over the boundary
and used by the parties and their predecessors in title.

Appeal from Kalamazoo; Sweet (Lucien F.), J.
Submitted June 9, 1960. (Docket No. 51, Calendar
No. 47,495.) Decided October 10, 1960.

Bill by Steve Keleman and Anna Keleman against
Russell Lane and Louise Lane to quiet title to strip
of land adjoining residential properties. Decree for
plaintiffs. Defendants appeal. Affirmed.

*Eric V. Brown,* for plaintiffs.

*Charles A. Pratt,* for defendants.

KELLY, J. Plaintiffs and defendants are adjoin-
ing residential property owners in the city of Kala-
mazoo.

Defendants had a survey made of their property
(December, 1955) and on June 14, 1956, erected a

REFERENCES FOR POINTS IN HEADNOTES
1 Am Jur, Adverse Possession §§ 246–249.

fence on the survey line and began to tear down a double garage that was on both sides of the surveyed boundary line.

Plaintiffs filed (June, 1956) a bill of complaint to quiet title and sought an injunction, claiming title by adverse possession and an easement by prescription over a portion of the driveway on defendants' land.

After hearing testimony of 8 witnesses, the chancellor filed an opinion (January 7, 1957) finding as follows:

"Involved in this action is a triangular piece of land with its apex at a point which is the northeast corner of plaintiffs' property and the northwest corner of defendants' property according to the descriptions contained in the records of their respective titles. The western side of the triangular piece in dispute runs along the true boundary line as set forth in the description contained on plaintiffs' deed which is a metes and bounds description. The easterly side of the triangular piece is the boundary line which had been recognized and used by the parties and their predecessors in title since some time prior to 1931, and which will hereinafter be referred to as the fixed boundary line.

"The record shows that this fixed boundary line was agreed upon between the parties and their predecessors in title as extending from the northeast corner of plaintiffs' property which is marked by an iron stake along a straight line passing through the center of a double garage which had been upon the premises since some time prior to 1931 and extending through said garage to the rear property line, or southerly property line. The dimension of the southerly line of this triangular piece does not appear in the record, but at a point approximately 60 feet south of the apex where the garage was located the width of the disputed triangular piece is 4 feet.

"Located some 60 feet south of the northern boundary of the properties of the parties was a double

garage. Since some time prior to 1931 and until the acts of the defendants precipitated this suit the easterly half of this garage had been used and had been considered to be the property of the defendants and their predecessors in title, while the westerly half of the garage had been used and considered to be the property of the plaintiffs and their predecessors in title. The driveway to the garage consisted of a 5-foot strip of dirt or gravel the easterly boundary of which extended from the stake hereinabove mentioned at the northeast corner of plaintiffs' property and the northwest corner of defendants' property to the center post of said double garage with a branch off from the southerly end thereof into the easterly half of the garage. * * *

"In their bill of complaint the plaintiffs make the following allegation:

" '7. That for upwards of 15 years, the respective parties and their predecessors in title have recognized a stake at the northerly line of said premises as marking the north end of the common line between said premises. That said plaintiffs and their predecessors in title have occupied exclusively, hostilely, adversely, continuously, openly, notoriously, and without dispute or disagreement, the whole of the land west of a line extending in a southerly direction from said stake through the center post of said garage and extended southerly therefrom to the southerly boundary of said properties.'

"A consideration of all of the evidence presented in this case leads to the conclusion that this allegation is a true statement of fact and the court so finds. * * * :

"It is the conclusion and finding of this court that plaintiffs have been damaged by reason of the erection of the fence and the demolition of their portion of the double garage to the extent of $250; and defendants are liable therefor."

Appellants claim the court erred in deciding "that the facts presented by plaintiffs constituted an ad-

verse user in the plaintiffs or their predecessors in title" and "that plaintiffs had been damaged to the extent of $250."

The evidence introduced supported the chancellor's finding and decree.

Affirmed. Costs to appellees.

Dethmers, C. J., and Carr, Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.